IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MARCOS IVAN SERRANO-SERRANO,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:16-cr-56-RJS-PMW<br><br>District Judge Robert J. Shelby<br><br>Magistrate Judge Paul M. Warner |

District Judge Robert J. Shelby referred this case to Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(A).[1] Before the court is a motion for a bill of particulars filed by Marcos Ivan Serrano-Serrano ("Defendant").[2] The court has carefully reviewed the written memoranda submitted by Defendant and the United States ("Government"). Pursuant to criminal rule 12-1(d) of the Rules of Practice for the United States District Court for the District of Utah, the court has concluded that oral argument is not necessary and will determine the motion on the basis of the written memoranda. *See* DUCrimR 12-1(d).

Defendant seeks a bill of particulars regarding Counts 1, 2, and 3 (Conspiracy to Distribute Methamphetamine, Heroin, and Cocaine, respectively, in violation of 21 U.S.C. § 846); and Count 5 (Distribution of Methamphetamine in violation of 21 U.S.C. § 841(a)(1)) of

---

[1] *See* docket no. 50.

[2] *See* docket no. 90.

the Superseding Indictment.[3]  Specifically, Defendant argues that a bill of particulars is necessary in this case because of "the lack of information in the voluminous discovery and wiretap recording."[4]  Defendant requests that the Government be ordered to identify whether it has relied or intends to rely upon the following with respect to the above-mentioned counts:

> (a) Specific conduct of the defendant;
> (b) Intercepted telephone calls of the defendant;
> (c) Confidential informant information that the Defendant was involved;
> (d) Witnesses testimony that the Defendant was involved;
> (e) Co-Defendants' debriefing implicating the defendant in the conspiracy.
> (f) By other means or proof?[5]

Defendant also requests that the Government isolate specific recordings it intends to use at trial in the material already provided to Defendant.

Pursuant to Rule 7(c)(1) of the Federal Rules of Criminal Procedure, "[t]he indictment . . . must be a plain, concise, and definite written statement of the essential facts constituting the offense charged."  Fed. R. Crim. P. 7(c)(1).  If the indictment does not meet this threshold, Rule 7(f) provides that "[t]he court may direct the government to file a bill of particulars [and/or the] defendant may move for a bill of particulars before or within 14 days after arraignment or at a later time if the court permits."  Fed. R. Crim P. 7(f).  As an initial matter, the court notes that Defendant made his Initial Appearance on the Superseding Indictment on February 16, 2016, and filed his motion for a bill of particulars on September 25, 2016.  Thus, Defendant's motion was

---

[3] *See* docket no. 21.

[4] Docket no. 90 at 1.

[5] Docket no. 90 at 2-5.

filed over seven (7) months after his arraignment, well-beyond the fourteen (14) day time limit. Thus, the court could deny Defendant's motion on this basis alone. The court, however, has considered Defendant's motion on the merits and concludes that it fails on that basis as well.

An indictment is "'generally sufficient if it sets forth the offense in the words of the statute so long as the statute adequately states the elements of the offense.'" *United States v. Dunn*, 841 F.2d 1026, 1029 (10th Cir. 1988) (quoting *United States v. Salazar*, 720 F.2d 1482, 1486 (10th Cir. 1983), cert. denied, 469 U.S. 1110 (1985)). "An indictment need not go further and allege 'in detail the factual proof that will be relied upon to support the charges.'" *Id.* (quoting *United States v. Crippen*, 579 F.2d 340, 342 (5th Cir.1978), cert. denied, 439 U.S. 1069 (1979) (citations omitted)). When an indictment sets forth the elements of the charged offense and sufficiently apprises the defendant of the charges to enable him to prepare for trial, a motion for bill of particulars should be denied. *See id.* at 1029-30; *see also United States v. Dahlman*, 13 F.3d 1391, 1400 (10th Cir. 1993); *Salazar*, 720 F.2d at 1486.

"The purpose of a bill of particulars is to inform the defendant of the charge against him with sufficient precision to allow him to prepare his defense, to minimize surprise at trial, and to enable him to plead double jeopardy in the event of a later prosecution for the same offense." *Dunn*, 841 F.2d at 1029 (quotations and citation omitted). While a bill of particulars is not a discovery device, it may "amplify the indictment by providing additional information." *Id.* "[T]he defendant is not entitled to notice of all of the evidence the government intends to produce, but only the theory of the government's case." *United States v. Levine*, 983 F.2d 165, 167 (10th Cir. 1992) (quotations and citation omitted). The denial of a motion for a bill of particulars is reviewed "for an abuse of discretion," and will not be reversed "unless defendant

shows that he was actually surprised at trial and thereby incurred prejudice to his substantial rights." *United States v. Ivy*, 83 F.3d 1266, 1281 (10th Cir. 1996) (quotations and citations omitted).

This court concludes that the Superseding Indictment sets forth the elements of each of the charged offenses and has sufficiently apprised Defendant of these charges thus enabling him to prepare an adequate defense for trial. The Superseding Indictment recites the charges against Defendant, tracking the text of the statutes he has allegedly violated, as well as the date range of the violations. It also identifies Defendant's co-conspirators. Thus, the Superseding Indictment provides ample notice of the criminal conduct with which Defendant is charged sufficient to allow Defendant to prepare his defense, to minimize surprise, and to enable him to protect against double jeopardy. *See Dunn*, 841 F.2d at 1029 (quotations and citation omitted).

Furthermore, the court is not persuaded by Defendant's argument that the voluminous discovery in this matter justifies a bill of particulars. The Tenth Circuit rejected a similar argument specifically noting:

> By providing complete discovery containing sufficient information to allow them to prepare their defense, the government gave [defendants] the tools necessary to anticipate and forestall any surprise that might have resulted from the indictment. Once the government provided these tools, it was [defendants'] responsibility to use them in preparing their defense, regardless of whether the discovery was copious and the preparation of the defense was difficult.

*Ivy*, 83 F.3d at 1282. While the court recognizes that there is a large volume of discovery in the instant case, it concludes that Defendant is improperly seeking to compel the Government "to disclose evidentiary details or explain the legal theories upon which it intends to rely at trial." *United States v. Gabriel*, 715 F.2d 1447, 1449 (10th Cir. 1983) (quotations and citation omitted).

shows that he was actually surprised at trial and thereby incurred prejudice to his substantial rights." *United States v. Ivy*, 83 F.3d 1266, 1281 (10th Cir. 1996) (quotations and citations omitted).

This court concludes that the Superseding Indictment sets forth the elements of each of the charged offenses and has sufficiently apprised Defendant of these charges thus enabling him to prepare an adequate defense for trial. The Superseding Indictment recites the charges against Defendant, tracking the text of the statutes he has allegedly violated, as well as the date range of the violations. It also identifies Defendant's co-conspirators. Thus, the Superseding Indictment provides ample notice of the criminal conduct with which Defendant is charged sufficient to allow Defendant to prepare his defense, to minimize surprise, and to enable him to protect against double jeopardy. *See Dunn*, 841 F.2d at 1029 (quotations and citation omitted).

Furthermore, the court is not persuaded by Defendant's argument that the voluminous discovery in this matter justifies a bill of particulars. The Tenth Circuit rejected a similar argument specifically noting:

> By providing complete discovery containing sufficient information to allow them to prepare their defense, the government gave [defendants] the tools necessary to anticipate and forestall any surprise that might have resulted from the indictment. Once the government provided these tools, it was [defendants'] responsibility to use them in preparing their defense, regardless of whether the discovery was copious and the preparation of the defense was difficult.

*Ivy*, 83 F.3d at 1282. While the court recognizes that there is a large volume of discovery in the instant case, it concludes that Defendant is improperly seeking to compel the Government "to disclose evidentiary details or explain the legal theories upon which it intends to rely at trial." *United States v. Gabriel*, 715 F.2d 1447, 1449 (10th Cir. 1983) (quotations and citation omitted).

Moreover, in its memorandum in opposition, the Government provided additional information regarding its theory of the case and the evidence it intends to use to prove that Defendant is a leader within the drug trafficking operation, is a close relative to the source of supply, and oversees and assists in the distribution operations in Utah.  The Government also indicated that it is in the process of translating the telephone calls conduced in Spanish into English and that it will provide those transcripts when they become available.  However, the court will not order the Government to identify the specific portions of the recordings and/or transcripts upon which it intends to rely.

Based on the foregoing, the court concludes that the Superseding Indictment is sufficient to put Defendant on notice of the charges against him.  Thus, Defendant's motion for a bill of particulars is **DENIED**.

**IT IS SO ORDERED**.

DATED this 13th day of December, 2016.

BY THE COURT:

PAUL M. WARNER
United States Magistrate Judge